UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE HORNSBY, | No. 2:10-cv-01304-MCE-KJN |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| WORLD SAVINGS BANK, FSB; WACHOVIA BANK; FEDERAL SAVINGS BANK, FSB; and DOES 1 though 10, | |
| Defendants. | |

----oo0oo----

This action arises out of a mortgage loan transaction in which Plaintiff Annette Hornsby executed two Promissory Notes in connection with properties owned in Vallejo, California. Plaintiff's Complaint requests, *inter alia*, that the Court issue emergency temporary injunctive relief, pursuant to Federal Rule of Civil Procedure 65(b), enjoining Defendants from conducting a foreclosure sale.

///

///

1

1    However, Plaintiff's request is procedurally and
2 substantively deficient.  Of greatest import, Plaintiff has
3 failed to identify the exact property being foreclosed upon.  The
4 Complaint addresses two loans for two separate properties, 2319
5 Bennington Drive Vallejo, CA 94591 and 324 Moonraker Dr, Vallejo,
6 CA 94590 (Compl. p. 3).  But in a requesting emergency relief,
7 Plaintiff refers to "the Property," "loss of their [sic] home,"
8 and that "Plaintiffs [sic] reside in the Property."  (Compl. p.
9 11.)  Neither of the previously mentioned addresses are
10 specifically identified as being "the Property" subject to
11 foreclosure.

12    Since Plaintiff did not identify the Property in
13 foreclosure, she has failed to meet the standard necessary for
14 the relief requested.  Issuance of a temporary restraining order
15 ("TRO"), as a form of preliminary injunctive relief, is an
16 extraordinary remedy, and Plaintiffs have the burden of proving
17 the propriety of such a remedy by clear and convincing evidence.
18 See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); Granny Goose
19 Foods, Inc. v. Teamsters, 415 U.S. 423, 442 (1974).  Certain
20 prerequisites must be satisfied prior to issuance of a temporary
21 restraining order.  See Granny Goose Foods, Inc. v. Brotherhood
22 of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974).
23 Here, the most basic of prerequisites has not been met.
24 ///
25 ///
26 ///
27 ///
28 ///

1  Furthermore, Local Rule 231(c) requires that a party seeking
2 a TRO file: 1) a complaint; 2) a Motion for Temporary Restraining
3 Order; 3) a brief on all relevant legal issues presented by the
4 motion; 4) an affidavit in support of the existence of an
5 irreparable injury; 5) an affidavit detailing the notice or
6 efforts to effect notice to the affected parties or showing of
7 good cause why notice should not be given; 6) a proposed
8 temporary restraining order with a provision for bond; 7) a
9 proposed order with blanks for fixing the time and date for
10 hearing; and 8) a proposed order that shall further notify the
11 affected party of the right to apply to the Court for
12 modification.
13  Plaintiff has provided none of these documents save for the
14 complaint.  Plaintiff has also failed to provide a completed TRO
15 checklist.
16  Given its many shortcomings, Plaintiff's request for
17 emergency temporary injunctive relief (Docket No. 1) is DENIED,
18 *nunc pro tunc*, as of the date it was submitted on May 26, 2010.
19  IT IS SO ORDERED.

Dated: June 4, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE