UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANNETTE HORNSBY,  No. 2:10-cv-01304-MCE-KJN

    Plaintiff,

  v.  MEMORANDUM AND ORDER

WORLD SAVINGS BANK, F.S.B.;
WACHOVIA BANK; FEDERAL SAVINGS
BANK, F.S.B.,

    Defendants.

----oo0oo----

This action arises out of a mortgage loan transaction in which Plaintiff Annette Hornsby executed two Promissory Notes in connection with properties owned in Vallejo, California. Plaintiff's First Amended Complaint requests, *inter alia*, that the Court issue emergency temporary injunctive relief, pursuant to Federal Rule of Civil Procedure 65(b), enjoining Defendants from conducting a foreclosure sale on property located at 324 Moonraker Drive, Vallejo, CA 94590.

///
///

1

This Court previously denied emergency relief to Plaintiff due to the procedural and substantive deficiencies of Plaintiff's request. Plaintiff's renewed request for relief within her First Amended Complaint replicates many of the same shortcomings, falling woefully short of the mandates of both local and Federal Rules.

Procedurally, Local Rule 231(c) requires that a party seeking an emergency relief file: 1) a complaint, 2) a Motion for Temporary Restraining Order, 3) a brief on all relevant legal issues presented by the motion; 4) an affidavit in support of the existence of an irreparable injury; 5) an affidavit detailing the notice or efforts to effect notice to the affected parties or showing of good cause why notice should not be given; 6) a proposed temporary restraining order ("TRO") with a provision for bond; 7) a proposed order with blanks for fixing the time and date for hearing; and 8) a proposed order that shall further notify the affected party of the right to apply to the Court for modification.

Again, Plaintiff has failed to provide any of these documents save for the Complaint. Again, Plaintiff has failed to provide a completed TRO checklist.

Substantively, Plaintiff has indicated conflicting foreclosure dates of June 1, 2010 and January 26, 2010. Aside from lacking clarity, to the extent that either one of these dates is accurate, Plaintiff's request is moot. The Court cannot enjoin something that has already occurred.

///
///

1   Accordingly, Plaintiff's request for emergency temporary
2 injunctive relief as indicated in her First Amended Complaint
3 (Docket No. 5) is DENIED.
4   IT IS SO ORDERED.

Dated: July 9, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE