IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANNETTE HORNSBY,

        Plaintiff,                        No. CIV S-10-1304 MCE DAD PS

    vs.

WORLD SAVINGS BANK F.S.B.,
et al.,                             FINDINGS AND RECOMMENDATIONS

        Defendants.
_____/

        This case came before the court for a Status (Pretrial Scheduling) Conference on October 29, 2010. Plaintiff, who is proceeding pro se in this action, did not file a status report on or before October 15, 2010, as required by the court's order filed August 25, 2010, and did not appear at the status conference. Nor did any defendant make an appearance.

        The court's docket for the case reflects that plaintiff commenced this fee-paid civil action on May 26, 2010, by filing a complaint and motion for emergency injunctive relief. Civil new case documents, including a summons, were issued by the Clerk of the Court on May 26, 2010. By order filed June 4, 2010, the assigned district judge denied plaintiff's motion for emergency injunctive relief. (Doc. No. 4.) In response, plaintiff filed a first amended complaint. On July 2, 2010, the assigned district judge denied the request for emergency temporary injunctive relief included in plaintiff's amended pleading. (Doc. No. 6.) By order filed and

served on August 25, 2010, the undersigned set the case for status conference on October 29, 2010, and required plaintiff to file a status report on or before October 15, 2010.  (Doc. No. 8.) All orders issued in this case were mailed to plaintiff at her address of record, and no order has been returned to the court as undeliverable.

There is no evidence on the docket that any defendant has been served with process.  In the new case documents issued on May 26, 2010, and again in the order filed August 25, 2010, the court warned plaintiff of the requirements for timely service of a complaint.  See Fed. R. Civ. P. 4(m); New Case Documents filed May 26, 2010, at 1; Order Setting Status (Pretrial Scheduling) Conference filed Aug. 25, 2010, at 3.  Plaintiff was expressly cautioned that a defendant must be dismissed if service of process is not accomplished on the defendant within 120 days from the date the complaint was filed.  The 120-day period for service of plaintiff's first amended complaint expired on October 30, 2010, and plaintiff has not filed a return of service executed upon any defendant.

The court's August 25, 2010 order required plaintiff to file and serve a written status report on or before October 15, 2010 and to appear at the status conference on October 29, 2010, either in person or telephonically.  Plaintiff was cautioned that failure to file a timely status report or failure to appear at the status conference may result in a recommendation that this case be dismissed for lack of prosecution and as a sanction for failure to comply with court orders and applicable rules.  As noted above, plaintiff did not comply with these orders.  Indeed, the docket reveals that plaintiff has not filed any document in this action since July 2, 2010.

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam).  Dismissal is a harsh penalty that should be imposed only in extreme

circumstances. <u>Ferdik</u>, 963 F.2d at 1260. Plaintiff's lack of participation in the case renders monetary sanctions unavailable, and the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the unserved defendants all support the sanction of dismissal in this case. Only the public policy favoring disposition on the merits counsels against dismissal. However, in the absence of a showing of good cause, dismissal is mandated by Rule 4(m) of the Federal Rules of Civil Procedure.

Accordingly, IT IS RECOMMENDED that this action be dismissed without prejudice due to plaintiff's failure to serve process upon defendants within the time specified by Federal Rule of Civil Procedure 4(m), failure to appear at the status (pretrial scheduling) conference, failure to file a status report, and failure to prosecute the action in any manner since July 2, 2010. <u>See</u> Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 2, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\hornsby1304.oah102910.f&r